UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| NJK FARMS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0477-LJM-TAB |
| | ) | |
| FOUNTAIN COUNTY SOLID WASTE | ) | |
| MANAGEMENT DISTRICT, and LARRY | ) | |
| ASKREN, BRAD CRAIN, TERRY | ) | |
| ELLINGWOOD, LOWELL OSBORN, | ) | |
| JANET SHOAF, BUTCH SWIFT, DAVID | ) | |
| ZIEGLER and JOHN SCHEURICH, each in | ) | |
| his or her official capacity as members of | ) | |
| the Board of the Fountain County Solid | ) | |
| Waste Management District; BOARD OF | ) | |
| COMMISSIONERS OF FOUNTAIN | ) | |
| COUNTY, and TERRY ELLINGWOOD, | ) | |
| LOWELL OSBORN, JANET SHOAF and | ) | |
| DAVID ZIEGLER, each in his or her official | ) | |
| capacity as members of the Board of | ) | |
| Commissioners of Fountain County; and | ) | |
| FOUNTAIN COUNTY COUNCIL, and RON | ) | |
| HOWARD, NORMAN MARTIN, JAMES | ) | |
| ROBINSON, DALE CLAWSON, RICHARD | ) | |
| KLAGE, JAMES HERSHBERGER and | ) | |
| TOM FREAS, each in his or her official | ) | |
| capacity as members of the Fountain | ) | |
| County Council, | ) | |
| Defendants. | ) | |

**ORDER**

On January 21, 2010, the Court heard argument on plaintiff's, NJK Farms, Inc.

("NJK"), Verified Motion for Judgment Finding the Board of Fountain County

Commissioners and the Fountain County Solid Waste Management District Liable for the

Total Breach of the Settlement Agreement (the "pending motion") (Dkt. No. 30).  The Court

took the pending motion under advisement.  Dkt. No. 44.  Before the Court can proceed

further, it must consider justiciability issues that bear on the Court's subject matter jurisdiction.

## I. BACKGROUND

After reviewing the Complaint and the parties' briefs and exhibits in support of and in opposition to the pending motion, it appears that the parties do not dispute the procedural posture of the underlying dispute.  Dkt. No. 34 ¶¶ 1-8; Dkt. No. 38; Compl. ¶¶ 10, 18-23, 27-28, 37, 67; Dkt. No. 30-1.  Accordingly, the Court will recite the history of this case as it appears in these documents.  *See Commodity Trend Serv., Inc. v. Commodity Futures Trading Com'n*, 149 F.3d 679, 685 (7th Cir. 1998) ("[T]he plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry.").

This case originally concerned NJK's attempts in both state and federal court to prevent certain arms of state and local government from thwarting NJK's plan to operate or sell its Fountain County, Indiana, property as a landfill (NJK's "Proposed Landfill").  Dkt. No. 34 ¶¶ 1-2; Dkt. No. 30-1; Compl. ¶¶ 10, 20.  NJK filed state and federal lawsuits against defendants, the Board of the Fountain County Solid Waste Management District (the "Waste Board") and its members, the Board of Commissioners of Fountain County (the "Commissioners") and its members, and the Fountain County Council (the "Council") and its members (collectively, the "Defendants"), for their passage of two, 2006 ordinances that authorize separate per-ton fees for waste disposed at NJK's Proposed Landfill (collectively, the "2006 Fees").  Dkt. No. 34 ¶¶ 3-4; Dkt. No. 30-1.  NJK's lawsuit in this Court challenges the Waste Board ordinance that allows a per-ton fee of no more than $2.50 ("Waste Board

Fee"). Dkt. No. 34 ¶ 3; Compl. ¶ 37 & Ex. 1. However, even though NJK's Complaint does not seek to remedy any action taken by either the Council or the Commissioners, they are both named defendants. Compl. NJK's state court lawsuit challenges the Council ordinance, which also allows a per-ton fee of no more than $2.50 ("Council Fee"). Dkt. No. 34 ¶ 4.

The Indiana Department of Environmental Management ("IDEM") has not issued a permit to NJK for the Proposed Landfill. Compl. ¶¶ 15, 18, 20, 23, 27, 67; Dkt. No. 34 ¶ 2; Dkt. No. 38 ¶ 15 n.3; Dkt. No. 30-1 at 1. Accordingly, NJK has not constructed the Proposed Landfill, and, therefore, has not had reason to incur the 2006 Fees. Compl. ¶¶ 15, 18, 20, 23, 27, 67; Dkt. No. 34 ¶ 2; Dkt. No. 38 ¶ 15 n.3; Dkt. No. 30-1 at 1. According to NJK's Complaint, it reached an agreement with IDEM pursuant to which IDEM approved NJK's Proposed Landfill (the "IDEM Settlement"). Compl. ¶¶ 23, 27, 67. However, NJK asserts that IDEM breached the IDEM Settlement, prompting NJK to sue IDEM in the Marion County Superior Court. Dkt. No. 38 ¶ 15 n.3; *NJK Farms, Inc. v. Indiana Dep't of Envtl. Mgmt.*, No. 49F12-0402-CP-000317 (Marion Co. Super. Ct.), *appeal docketed*, No. 49 A 02-0902-CV-00123 (Ind. Ct. App.).

According to NJK, on November 20, 2008, the Marion County Superior Court (the "Superior Court") issued an interlocutory order, finding IDEM in total breach of the IDEM Settlement. Dkt. No. 38 ¶ 15 n.3; Dkt. No. 30-1 at 1. Neither party attached the interlocutory order to their respective memoranda; however, for purposes of this Order, the Court assumes that NJK has accurately represented the nature of the interlocutory order. IDEM's appeal from the interlocutory order is currently before the Indiana Court of Appeals.

*NJK Farms, Inc. v. Indiana Dep't of Envtl. Mgmt.*, 49F12-0402-CP-000317 (Marion Co. Super. Ct.), *appeal docketed*, No. 49 A 02-0902-CV-00123 (Ind. Ct. App.).

In its litigation with IDEM, NJK pursues a damages remedy, not specific performance. Dkt. No. 38 ¶ 15; Dkt. No. 30-1 at 1. Therefore, if NJK succeeds, it will never receive a permit to construct and operate the Proposed Landfill, and, correspondingly, will never incur the Waste Board Fee. Compl. ¶¶ 15, 18, 20, 23, 27, 67; Dkt. No. 34 ¶ 2; Dkt. No. 38 ¶ 15 n.3; Dkt. No. 30-1 at 1.

Even though NJK no longer intends to construct and operate its Proposed Landfill, it purportedly reached a settlement with the Defendants, whereby NJK agreed to pay two per-ton fees of $1.50 in exchange for the Defendants' repeal of the 2006 Fees ("Proposed Agreement"). Dkt. No. 30-1 at 1. According to NJK, the collective cost that it would incur from the 2006 Fees will reduce its "lost profits" claim against IDEM in the Superior Court. Dkt. No. 38 ¶ 15. Therefore, in the pending motion, NJK moves the Court to declare the Proposed Agreement enforceable, so that its "lost profits" claim against IDEM is reduced by $3.00 per-ton, as opposed to $5.00 per-ton. *Id.*

Although, in the pending motion, NJK asks the Court to find the Waste Board and the Commissioners liable for breaching the Proposed Agreement, NJK does not direct the Court to any action taken on behalf of the Waste Board or the Commissioners that is inconsistent with the parties' obligations under the Proposed Agreement. Rather, NJK asserts that after voting to accept the Proposed Agreement, the Waste Board and the Commissioners refused to sign the Proposed Agreement and then voted to repudiate the Proposed Agreement. Dkt. No. 30 ¶¶ 1-5. Accordingly, the Court construes the pending motion as one for a declaration that the Proposed Agreement is enforceable, so that NJK

4

can base its "lost profits" damages claim in the Superior Court on the fees established by the Proposed Agreement.[1]  Dkt. No. 38 ¶ 15; Dkt. No. 30-1 at 1.

## II. <u>STANDARDS</u>

"Jurisdiction is the power to declare law, and without it the federal courts cannot proceed."  *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (internal quotation marks and citations omitted).  "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."  *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

"The Declaratory Judgment Act gives courts of the United States discretionary power to issue declarations regarding the rights and other legal relations of any interested party seeking such declaration."  *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994) (internal quotation marks and citation omitted).  However, "courts may not exercise this discretionary power in the absence of an 'actual controversy' between the parties."  *Id.* (quoting 28 U.S.C. § 2201) (internal quotation marks and citations omitted).  The Declaratory Judgment Act's "actual controversy" limitation is the same as the "cases" or "controversies" requirement of Article III.  *Deveraux*, 14 F.3d at 330; *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937).  "Justiciability is the term of art

---

[1] There is some authority that such a motion is inconsistent with Federal Rule of Civil Procedure 57.  *See Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) ("A party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.") (emphasis in original).  Because the Court ultimately decides to abstain from exercising jurisdiction over NJK's declaratory judgment claims, the Court need not consider the merits of the pending motion.

employed to give expression to th[e] . . . limitation placed upon federal courts by the case-and-controversy doctrine." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Ripeness and mootness are two of the principles embodied in the justiciability doctrine. *Allen v. Wright*, 468 U.S. 737, 750 (1984).

When considering the ripeness of an issue for review, courts employ a two-factor inquiry, examining "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Metro. Milwaukee Ass'n of Commerce v. Milwaukee County*, 325 F.3d 879, 882 (7th Cir. 2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

> The inquiry into ripeness is made more complicated when suit is brought under the Declaratory Judgment Act, . . . [but] the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008).

Similarly, actions under the Declaratory Judgment Act must satisfy the same mootness standards as any other suit. *Deveraux*, 14 F.3d at 330; *Aetna Life Ins. Co.*, 300 U.S. at 239-40. "[I]t is not enough that a dispute was very much alive when suit was filed[.]" *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Rather, the parties must have a "personal stake in the outcome of the lawsuit" through all stages of the proceedings. *Id.* at 478. If no live controversy presents itself, the plaintiff's claim is moot and the Court must dismiss it as non-justiciable. *Id.* at 477-78.

Notwithstanding the Court's duty to hear cases within its jurisdiction, the Court has wide discretion to abstain from exercising jurisdiction over cases brought under the

Declaratory Judgment Act. *A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n of St. Clair County, Ill.*, 921 F.2d 118, 120 (7th Cir. 1990). "When a related state action is pending, concerns about comity, the efficient allocation of judicial resources, and fairness to the parties come into play." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). In deciding whether to exercise its discretion to abstain in such a situation, courts consider:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Id.*

## III. DISCUSSION

It is evident from NJK's Complaint and the memoranda in support of and in opposition to the pending motion that NJK will not incur the Waste Board Fee until IDEM issues NJK a permit to construct and operate the Proposed Landfill. Compl. ¶¶ 15, 18, 20, 23, 27, 67; Dkt. No. 34 ¶ 2; Dkt. No. 38 ¶ 15 n.3; Dkt. No. 30-1 at 1. It is also evident that NJK does not expect its litigation with IDEM to result in the issuance of such a permit. Dkt. No. 38 ¶ 15; Dkt. No. 30-1 at 1. Rather, NJK seeks damages to remedy IDEM's purported breach of the IDEM Agreement. *Id.* NJK would like the Court to declare the Waste Board Fee unconstitutional, or to declare the Proposed Agreement enforceable, not because it anticipates future exposure to the Waste Board Fee, but rather because it believes that the existence of the Waste Board Fee reduces its "lost profits" in the Superior Court. No. 38 ¶ 15.

In lieu of the foregoing, the Court doubts that it has jurisdiction over NJK's declaratory judgment claims.[2] *Lewis*, 494 U.S. at 477-78; *Wisconsin Cent., Ltd.*, 539 F.3d at 759. However, the Declaratory Judgment Act provides the Court with a narrower ground for resolving the issues presented by NJK's litigation strategy, and the Court proceeds to consider whether to abstain from exercising jurisdiction over NJK's declaratory judgment claims under the factors recited by the Seventh Circuit in *Nationwide Ins*. *See* 52 F.3d at 692.

The first factor weighs in favor of exercising jurisdiction. NJK's declaratory judgment claims raise issues separate and distinct from its state court litigation with IDEM. Ordinarily, the second factor would also favor exercising jurisdiction over this lawsuit, because the parties to the two actions are not identical. However, this is no longer a case where a plaintiff seeks two separate judgments against two distinct parties to remedy two unrelated wrongs. Rather, NJK is continuing this litigation as a means to establish damages in its ongoing state court litigation with IDEM. Therefore, the second factor does not bear upon the facts of this case.

The third factor weighs against exercising jurisdiction. Even if the Superior Court's decision is affirmed on appeal and NJK is awarded damages for IDEM's breach of the IDEM Agreement, the Superior Court is not bound by this Court's decision regarding the enforceability of the Proposed Agreement. *See Sims v. Scopelitis*, 797 N.E.2d 348, 351

---

[2] In addition, although the Council and the Commissioners are named defendants, NJK's Complaint does not seek to remedy any action taken on behalf of either of these entities. Compl. Accordingly, no "live controversy" exists between NJK and either the Council or the Commissioners, and, as a result, the Court lacks jurisdiction over at least two of the three parties defending NJK's lawsuit. *Deveraux*, 14 F.3d at 330.

(Ind. Ct. App. 2003) ("Issue preclusion requires . . . [that] the party to be estopped was a party or the privity of a party in the prior action.").  Similarly, the Superior Court would be under no obligation to give full faith and credit to this Court's declaration on the merits of NJK's declaratory judgment claims.  *Id.*  Rather, the Superior Court would address the Waste Board Fee again, in some manner, when it considers the damages NJK suffered as a result of IDEM's breach.  Accordingly, the Court sees no useful purpose to be served by either considering the merits of NJK's declaratory judgment claims or ruling on the pending motion.

The fourth and final factor also weighs against exercising jurisdiction.  In the event that NJK changes the course of its litigation strategy and eventually obtains a permit from IDEM to construct and operate the Proposed Landfill, it can re-file its declaratory judgment claims in this Court.  In addition, if NJK proceeds to litigate the issue of damages with IDEM, Indiana Code Section 34-54-5-1 provides the parties with a procedural vehicle to obtain a ruling from the Superior Court on the enforceablity of the Proposed Agreement.  Furthermore, NJK can always file a new suit in state or federal court against the Defendants for breach of the Proposed Agreement, or to have the Proposed Agreement declared enforceable.

After considering these factors, the Court concludes that comity, the efficient allocation of judicial resources, and fairness to the parties will be best served by abstaining from exercising jurisdiction over NJK's declaratory judgment claims.

This case is not altogether different from the situation facing the district court in *Nationwide Ins.  See* 52 F.3d at 689-693.  In that case, the Univeristy of Illinois sued Zavalis for negligence in an Illinois court (the "state lawsuit").  *Id.* at 690-91.  Nationwide,

9

Zavalis' parents' insurer, filed a declaratory judgment suit in the Central District of Illinois (the "federal lawsuit"), contending, in part, that it had no duty to indemnify Zavalis in the event he was found liable in the state lawsuit.  *Id.* at 691.  The district court abstained from exercising its jurisdiction under the Declaratory Judgment Act.  *Id.* at 691.  The Seventh Circuit affirmed, reasoning,

> the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.  As Zavalis has not yet been deemed liable to the University (or, alternatively, entered into a settlement) when Nationwide filed suit, the district court was correct to dismiss without prejudice the declaratory judgment action[, which] . . . sought a determination of [Nationwide's] duty to indemnify Zavalis.

*Id.* at 693 (internal citations omitted).

Similarly, in this case, the issues presented by NJK's declaratory judgment claims are not ripe for adjudication until NJK's litigation with IDEM results in a final decision on the merits.  Accordingly, for the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** NJK's claims under the Declaratory Judgment Act.

In addition, Counts VI-XI of NJK's Complaint allege violations of Indiana law.  "[T]he Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction." *GNB Battery Technologies v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). Accordingly, in order to retain jurisdiction over NJK's state law claims, the Court "must possess an independent basis for jurisdiction[.]" *Id.*  Seeing no independent basis for jurisdiction over NJK's state law claims, the Court **DISMISSES WITHOUT PREJUDICE** Counts VI-XI of NJK's Complaint.  *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss

without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.")

## IV.  CONCLUSION

For the foregoing reasons, NJK's Complaint is **DISMISSED WITHOUT PREJUDICE**.

All pending motions are **DISMISSED AS MOOT**.  Judgment shall enter accordingly.

IT IS SO ORDERED THIS 17th day of February, 2010.


_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Robert M. Frye
STEWART & IRWIN P.C.
rfrye@silegal.com

Kirk A. Horn
MANDEL HORN MCGRATH & REYNOLDS, P.C.
khorn@mhmrlaw.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Donald H. Wray
STEWART & IRWIN P.C.
dwray@silegal.com